ANDREW S. AZARMI (SBN 241407)
andrew.azarmi@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California 94612
Telephone:    415 882 5000
Facsimile:    415 882 0300

ANNE E. WADDELL (SBN 311388)
anne.waddell@dentons.com
4675 MacArthur Court, Suite 1250
Newport Beach, CA 92660
Telephone:    949 732 3700
Facsimile:    949 732 3739

MARK G. CALIFANO (*pro hac vice forthcoming*)
mark.califano@dentons.com
MATTHEW A. LAFFERMAN (*pro hac vice forthcoming*)
matthew.lafferman@dentons.com
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone:    202 496 7500

Attorneys For Petitioners
TERRAFORM LABS, PTE LTD, and DO HYEONG KWON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SUBPOENA TO PAYWARD, INC D/B/A KRAKEN<br><br>In Connection With:<br><br>Securities and Exchange Commission<br><br>v.<br><br>Terraform Labs, PTE LTD, and Do Hyeong Kwon<br><br>Case No. 1:23-cv-01346<br>United States District Court<br>Southern District of New York | Case No. 3:23-mc-80248<br><br>**DECLARATION OF MATTHEW A. LAFFERMAN IN SUPPORT OF PETITIONERS TERRAFORM LABS, PTE LTD, AND DO HYEONG KWON'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OR, IN THE ALTERNATIVE, TRANSFER TO S.D.N.Y.**<br><br>Date:<br>Time:<br>Dept.:<br>Judge:<br><br>Date Action Filed: September 28, 2023<br>Trial Date: None Set |

CASE NO:  LAFFERMAN DECL. ISO MOT. COMPEL COMPLIANCE WITH SUBPOENA

US_ACTIVE\125050022\V-2

I, Matthew A. Lafferman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney who is a member in good standing of the Bars of the District of Columbia and Virginia, and I have never been censured, suspended, disbarred or denied admission or readmission to any court. My *pro hac vice* application will be submitted after this matter receives a judicial assignment and case number.

2. I am a Partner at Dentons US LLP and serve as counsel for Petitioners Terraform Labs PTE LTD, and Do Hyeong Kwon ("Petitioners") in this matter. I also serve as counsel for Terraform Labs PTE LTD, and Do Hyeong Kwon in *Securities and Exchange Commission v. Terraform Labs, PTE LTD, and Do Hyeong Kwon*, U.S. District Court, Southern District of New York, Case No. 1:23-cv-01346.

3. I submit this declaration in support of the Petitioners' Motion to Compel compliance with subpoenas, in the alternative, transfer to the Southern District of New York ("Motion to Compel or Transfer") and Petitioners' Motion for Administrative Relief.

**The Underlying Action**

4. On February 16, 2023, the Securities and Exchange Commission ("SEC") initiated a civil action against Petitioners currently pending in the Southern District of New York and captioned *Securities and Exchange Commission v. Terraform Labs, PTE LTD, and Do Hyeong Kwon*, U.S. District Court, Southern District of New York, Case No. 1:23-cv-01346 ("Underlying Action"). The Underlying Action was assigned to U.S. District Court Judge, Southern District of New York, Honorable Jed. S. Rakoff ("Judge Rakoff"). The SEC filed an Amended Complaint on April 3, 2023. Petitioners subsequently filed motion to dismiss on April 21, 2023. The Court denied Petitioners' Motion to Dismiss on July 31, 2023, and Petitioners filed their Answer on August 14, 2023. True and correct copies of the Amended Complaint, Petitioners' Answer, and the docket in the Underlying Action, as downloaded on September 28, 2023, are attached here **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectfully.

5. June 28, 2023, Judge Rakoff issued a Civil Case Management Plan that called for an accelerated timeline in the Underlying Action—specifically, requiring "[a]ll discovery" and "[a]ll depositions" to be completed by October 13, 2023 and for the final pre-trial conference to be

November 30, 2023. A true and correct copy of this scheduling order is attached here as **Exhibit D.**

### The Subpoena and Meet and Confer Efforts

6. On June 28, 2023—the same day that Judge Rakoff issued his Civil Case Management Plan—service of a Rule 45 document subpoena (the "Subpoena") was executed on third party Payward, Inc. d/b/a Kraken ("Kraken"). The Subpoena requested that Kraken respond to the Subpoena by July 28, 2023. Requests No. 1 through 3 and 5 through 10 of the Subpoena sought communications, trading records, and other information related to crypto wallets and the trading accounts that Petitioners had identified as causing and contributing to the May 2022 Depeg that were hosted by the Kraken cryptocurrency exchange (identified in the Subpoena as "Target Wallets"). Request No. 4 sought data showing the trading of Terra Native Tokens that occurred on Kraken deposit wallet addresses during the May 2022 Depeg. A true and correct copy of the Subpoena is attached here as **Exhibit E**, with proof of service attached as **Exhibit F**.

7. Kraken did not provide objections to the Subpoena until July 28, 2023. A true and correct copy of the objections that Kraken served are attached here as **Exhibit G.**

8. I wrote Kraken to immediately sought to setup a meet and confer. *See id.* On August 2, 2023, I, along with my Partner Mark Califano, who also serves as counsel for Petitioners, met and conferred with Kraken's office wherein Kraken's counsel expressed concern about Request Nos. 4 and 6.

9. In response to Kraken's expressed concerns, on August 7, 2023, I emailed Kraken's counsel stating that, based on the parties' meet and confer call, Petitioners would withdraw Request No. 6 and proposed narrowing the scope of Request No. 4 to the following tokens: (1) All Terra Native tokens, including "Wrapped UST (Shuttle)," and "Wormhole UST," and (2) All Bitcoin trading. The next day, Kraken responded with concerns as to the wallets identified as "Targeted Wallets" in the Subpoena, and Petitioners requested another meet and confer to resolve Kraken's apparent confusion over these wallets. A true and correct copy of this email thread is attached here as **Exhibit H**.

10. On August 10, 2023, counsel for Petitioners had a telephonic meet and confer meeting with Kraken's counsel. Petitioners proposed further narrowing Request No. 4 of the Subpoena to the following tokens: (1) All Terra Native Tokens (identified in the Subpoena as those trading on the Terra blockchain), including "Wrapped UST (Shuttle)," and "Wormhole UST," and (2) All Bitcoin trading. Petitioners further proposed to narrow the time period of the Subpoena to May 5 to 19. During the call, counsel for Kraken expressed concerns about the burden to Kraken of producing trading data related to Bitcoin because there are many different Bitcoin markets (Bitcoin to euro, dollar, various tokens).

11. On August 14, 2023, I emailed counsel for Kraken's counsel and requested Kraken's position as to production of the materials have discussed during the last meet and confer. Kraken responded that they were still reviewing the proposal for Request No. 4 and would respond soon. A true and correct copy of this email thread is attached here as **Exhibit I**.

12. After not receiving any response, on August 17, 2023, I again emailed counsel for Kraken and requested an update on Kraken's position on Request No. 4 of the Subpoena. Counsel for Kraken responded that counsel would not have an answer until another counsel returned from vacation after August 25, 2023. After not receiving a response on August 25, 2023, I emailed counsel for Kraken on August 27, 2023 and asked to setup another meet and confer call. On August 30, 2023, counsel for Kraken finally responded, writing that Kraken would produce (1) data for the three accounts associated with the "Target Wallets" in the Subpoena and (2) trade data on Kraken's platform on "the UST/USD and LUNA/USD pairings for the three-day period starting on May 6, 2022," which Kraken claimed would "capture the UST de-peg." Notably, Kraken refused to produce order data or trading data related to Bitcoin during the May 2022 Depeg. A true and correct copy of this email thread is attached here as **Exhibit J**.

13. On August 31, 2023, I responded, writing that the Petitioners "would like to proceed with the materials below and review to determine whether we need additional data. Given that its more than a month since the response date indicated on the subpoena (July 28, 2023), and we have expert reports due on September 7, we would request that you expedite the production to the extent possible." After receiving no response, I again emailed counsel for Kraken on September

4, 2023 asking when Petitioners could expect production. On September 5, 2023, counsel for Kraken responded that the account records were produced earlier that day and that counsel for Kraken expected the trading data to be produced "this week." A true and correct copy of this email thread is attached here as **Exhibit K**

14. On September 8, 2023, counsel for Petitioners received a production of trading data from Kraken.

15. On September 18, 2023, I emailed counsel for Kraken writing that Petitioners "had a chance to review the data" and sought to meet and confer on some outstanding issues. A true and correct copy of this email thread is attached here as **Exhibit L**.

16. On September 20, 2023, counsel for Petitioners and Kraken conducted another telephonic meet and confer meeting. Shortly after this call, I sent an email to counsel for Kraken requesting that Kraken reproduce trade data related to Request No. 4 for only a small additional set of data from May 6 to May 9, 2022 to include (1) all Terra Native Tokens (not just UST/USD and LUNA/USD pairings) and (2) anonymized account IDs, which would allow Petitioners to analyze trading at the account level. A true and correct copy of this email thread is attached here as **Exhibit M**.

17. Counsel for Kraken responded and clarified that their prior production was from May 6 to 8, 2022, not May 9, and that Kraken would agree to produce the same time range the same time range of data for the other three Terra-based pairs that it supports—UST/Euro, LUNA/Euro, and UST/USDT—and the anonymized IDs for the trading data. In response, I emailed counsel for Kraken and requested that Kraken include the trading data for May 9, 2022 because the May 2022 Depeg occurred through this date. In that same email, I requested that counsel Kraken let us know if they agreed to this request by the end of the day on Thursday, September 21, 2023 and if counsel for Kraken objected or if counsel for Petitioners did not "otherwise do not hear from you, in light of the fact that the discovery deadline coming up and this data is essential for building our defense, we will seek a motion to compel this data." A true and correct copy of this email thread is attached here as **Exhibit N**.

18. On September 20, 2023, counsel for Kraken responded that they would be "happy to resolve this before a judge in the Northern District of California . . . ." After internal discussions, on September 22, 2023, counsel for Petitioners made one last attempt to informally resolve these efforts. My email to counsel for Kraken requested the same trading data, in addition to the trading data for May 10, 2023. As I explained in my email to Kraken, "[t]rading data shows that when UST lost its peg on May 9, LFG and TFL engaged in a major effort to support the price. On May 10th, that effort was overwhelmed by a tidal wave of trading. As a result, we believe that the trading data for May 10th is also directly relevant to our case." I asked Kraken's counsel to let us know by the end of day Tuesday September 26 whether Kraken (1) accepted our compromise on Request No. 4 to avoid a motion to compel; (2) objected to our motion to transfer the motion to compel to Judge Rakoff in the Southern District of New York; and (3) objected to our request for an expedited hearing. Kraken informed us that they rejected (1) and objected to (2) and (3). A true and correct copy of this email thread is attached here as **Exhibit O**.

19. On September 22, 2023, I exchanged emails with counsel for Kraken. On September 26, 2023, counsel for Kraken wrote in an email that Kraken would agree to produce the requested data (in addition to a new trading pair related to Terra Native Tokens, UST/USDC) on the condition that Petitioners agreed that the production would satisfy the Subpoena and that no new subpoenas would be served on Kraken. In response, I wrote that while Petitioners could agree that this production would satisfy the Subpoena, Petitioners could not agree that no further subpoenas would be issued to Kraken "especially as we do not know how the SEC intends to proceed after discovery." Counsel for Kraken then agreed to produce the requested data if Petitioners agreed that the production would satisfy the Subpoena and "not to serve any additional subpoenas seeking data or documents demanded in the original subpoena." I wrote that while Petitioners agreed that the production would satisfy the Subpoena and Petitioners "want[ed] to avoid seeking any further data, . . . because [Petitioners] cannot be certain how the case will proceed, [Petitioners] cannot foreclose the need for further information and cannot make any other assurances." *See* **Exhibit O.**

DENTONS US LLP
4675 MACARTHUR COURT, SUITE 1250
NEWPORT BEACH, CALIFORNIA 92660
949 732 3700

CASE NO:
US_ACTIVE\125050022\V-2

- 6 -

LAFFERMAN DECL. ISO MOT. COMPEL COMPLIANCE WITH SUBPOENA

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of September, 2023, in Washington, D.C.

*/s/ Matthew A. Lafferman*
_____
Matthew A. Lafferman

CASE NO: — 7 — LAFFERMAN DECL. ISO MOT. COMPEL COMPLIANCE WITH SUBPOENA

US_ACTIVE\125050022\V-2

DENTONS US LLP
4675 MACARTHUR COURT, SUITE 1250
NEWPORT BEACH, CALIFORNIA 92660
949 732 3700