Robert S. Sandoval (SBN: 311032)
Payward, Inc.
100 Pine St Suite 1250
San Francisco, CA 94111
robert.sandoval@kraken.com
(707) 647-4824

*Attorney for Payward, Inc., d/b/a Kraken Digital Asset Exchange*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SUBPOENA TO PAYWARD, INC. D/B/A KRAKEN | Case No. 4:23-mc-80248-KAW <br><br> **PAYWARD INC.'S OPPOSITION TO PETITIONER TERRAFORM LABS, PTE LTD, AND DO HYEONG KWON'S MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE HEARING (CIV. L.R. 7-11)** |

I.     INTRODUCTION

There is no basis for the Court to grant Petitioners' request for an expedited schedule for their Motion to Compel. First, the relief sought by Petitioners is not available under Local Rule 7-11, upon which they premise their motion, and should be denied for that reason. In addition, Kraken notified Petitioners' counsel in writing a month prior to the filing of the instant motion of the specific trading pairs and the date range of trading data that Kraken would produce in response to Petitioners' third-party subpoena. Despite knowing the precise contours of Kraken's production, Petitioners did not

.

object at that time. Rather, they waited three weeks before insisting on production of additional days of trading data, as well as trading data for several additional asset pairs available for trading on Kraken. Even then, Petitioners continued to change their position and would not commit to avoid further discovery demands if Kraken complied with their modified requests, even if those demands overlapped with requests in their original subpoena. Petitioners' purported time crunch is of their own making given their shifting positions during the meet-and-confer process. The Court should not reward that strategy with an expedited schedule, which places significant additional burden on Kraken, a third party.

## II. LEGAL STANDARD

Local Rule 6-3 provides that a motion shortening time must be accompanied by a declaration that (1) states "with particularity" the reasons for shortening of time; (2) describes the "efforts the party has made to obtain a stipulation"; (3) identifies "substantial harm or prejudice" that would occur if time was not changed; (4) discloses "all previous time modifications in the case;" and (5) describes the effect that modification would have on the schedule. Civ. L.R. 6-3 (a)(1), (a)(3). The Court has discretion "after receiving the motion to shorten time, to grant, deny, modify the requested time change or schedule the matter for additional briefing or a hearing." Civ. L.R. 6-3 (d). Failure to provide the contents required by Local Rule 6-3 in a declaration is grounds for denying the motion on its face. *Warren v. Reid*, Case No. C 10-3416 SBA, 2010 U.S. Dist. LEXIS 118791, 2010 WL 4694924, at *4 (N.D. Cal. Nov. 8, 2010) (denying Plaintiff's 6-3 motion because "[a] motion that fails to comply with the Court's Local Rules need not be considered by the Court."). In addition, if the need for an expedited hearing is caused by the issuing party's own actions, that is a basis to deny the motion. *See Lucas v. Hertz Corp.,* No. C 11-01581 LB, 2012 U.S. Dist. LEXIS 119937, at *14

.

(N.D. Cal. Aug. 22, 2012) (denying motion to change briefing schedule, in part, because the need for the change was "a problem of [Plaintiff counsel's] own making.")

III. ARGUMENT

Petitioners' request for an expedited briefing and hearing schedule should be denied. Kraken has engaged with Petitioners' counsel in good faith throughout the meet-and-confer process despite a blatantly overbroad subpoena, which, among other things, sought personal account records for several Kraken clients with no apparent connection to Petitioners' case and trading data for *every* digital asset offered by Kraken for a thirty-day period, a request that would have captured billions of rows data and been extraordinarily burdensome. After multiple discussions and communications with Petitioners regarding their discovery demands, Kraken notified Petitioners in writing on August 30, 2023 – approximately one month prior to Petitioners filing their Motion to Compel – of the date range of trading data that would be included in its production. Petitioners waited three weeks before insisting on production of additional days of trading data and data for several additional trading pairs. Even then, Petitioners would not commit to avoiding further document demands. Petitioners' ever-shifting discovery demands are not grounds for an expedited schedule.

A. <u>Petitioners' Requested Relief is Not Available Under Local Rule 7-11</u>

Initially, the relief sought by Petitioners – an expedited briefing and hearing schedule – is not available through an administrative motion filed under Local Rule 7-11, but rather is directly governed by Local Rule 6-3. Their motion should be denied on that ground. *Wilens v. Automattic Inc.*, No. C 14-02419 LB, 2014 U.S. Dist. LEXIS 101245, at *5 (N.D. Cal. July 16, 2014) (denying a 7-11 motion where a motion to modify deadlines was set forth in Federal Rules of Civil Procedure and the local rules); *see* Civ. L.R. 7-11 ("The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters,

***not otherwise governed by a federal statute, Federal Rule, local rule***, or standing order of the assigned Judge." (emphasis added)).

### B. Petitioners' Need for an Expedited Schedule is Their Own Fault Due to Shifting Discovery Demands

If the Court reaches the merits of Petitioners' motion, it should be denied because any time pressure has been created by Petitioners' own shifting discovery position. As the Petitioners' acknowledge, Kraken informed counsel by email on August 30, 2023 that it would produce, among other documents demanded by Petitioners, "a spreadsheet of completed trade data on Kraken's platform **in the UST/USD and LUNA/USD pairings for the three-day period starting on May 6, 2022**, which would capture the UST de-peg." (emphasis added). *See* Ex. J to Decl. of M. Lafferman. Counsel made no mention at that time of their purported view that the UST de-peg lasted until May 10 or that they would insist on production of trading data through that date. Nor did counsel state that they would need data for any additional trading pairs beyond UST/USD and LUNA/USD, which Kraken agreed to produce. Petitioners responded only that they would "review to determine whether we need additional data." *See* Ex. K to Decl. of M. Lafferman. However, Petitioners did not need to "review" Kraken's production to determine what date range or trading pairs they would demand, because Kraken had informed them specifically what data would be included.

Kraken followed through with its proposed production on September 5 (producing account records) and September 8 (producing trading data for May 6-8, 2022). Lafferman Decl. ¶¶ 13-14. Petitioners waited until September 20, 2023 (three weeks after Kraken specified the data it would produce) to inform Kraken that they would insist on production of trading data that also included May 9, 2022, as well as data for several additional trading pairs beyond the UST/USD and LUNA/USD already produced. *See* Lafferman Decl. ¶ 16, Ex. M. Even then, Petitioners continued to modify their position in the coming days. On September 22, 2023 counsel informed Kraken by email.

that they would also insist on obtaining data for May 10, which they supposedly viewed as "directly relevant" to their case, despite having not said so when Kraken initially described its intended production. *See* Lafferman Decl. ¶ 19.

In sum, Petitioners themselves have created their purported time crunch by shifting the scope of their demands during the meet and confer processes. If Petitioners' theory was that the UST de-peg lasted from May 6 through May 10, 2022; and that trading data for that entire range was critical for their defense, they should have stated that position on or shortly after August 30, 2023, when Kraken informed them of the precise scope of its intended production. Consequently, since their own actions caused several weeks of delay, their motion to expedite should be denied.

## IV.   CONCLUSION

In conclusion, the Court should deny Petitioners' administrative motion to expedite the briefing and hearing schedule for their Motion to Compel for the aforementioned reasons.

Dated: October 3, 2023                          Payward, Inc., d/b/a Kraken Digital Asset Exchange

By:   */s/ Robert S. Sandoval*
          Robert S. Sandoval
          *Attorney for Payward, Inc., d/b/a*
          *Kraken Digital Asset Exchange*

.