ANDREW S. AZARMI  (SBN 241407)
andrew.azarmi@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California  94612
Telephone:      415 882 5000
Facsimile:       415 882 0300

ANNE E. WADDELL (SBN 311388)
anne.waddell@dentons.com
4675 Macarthur Court, Suite 1250
Newport Beach, CA 92660
Telephone:      949 732 3700
Facsimile:       949 732 3739

MARK G. CALIFANO (*pro hac vice pending*)
mark.califano@dentons.com
MATTHEW A. LAFFERMAN (*pro hac vice pending*)
matthew.lafferman@dentons.com
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone:      202 496 7500

Attorneys For Petitioners
TERRAFORM LABS, PTE LTD, and DO HYEONG KWON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SUBPOENA TO PAYWARD, INC D/B/A KRAKEN<br><br>In Connection With:<br><br>Securities and Exchange Commission<br><br>v.<br><br>Terraform Labs, PTE LTD, and Do Hyeong Kwon<br><br>Case No. 1:23-cv-01346<br>United States District Court<br>Southern District of New York | Case No. 4:23-mc-80248-KAW<br><br>**REPLY IN SUPPORT OF PETITIONERS TERRAFORM LABS, PTE LTD, AND DO HYEONG KWON'S MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE HEARING (CIV. L.R. 7-11)**<br><br>Date:  October 5, 2023<br>(no hearing per Civ. L.R. 7-11(c))<br><br>Judge: Hon. Kandis A. Westmore<br><br>Date Action Filed:  September 28, 2023<br>Trial Date: None Set |

DENTONS US LLP
4675 MACARTHUR COURT, SUITE 1250
NEWPORT BEACH, CALIFORNIA 92660
949 732 3700

     Petitioners Terraform Labs, PTE LTD ("TFL") and Do Hyeong Kwon (collectively with TFL, "Petitioners") bring this reply in support of its Motion for Administrative Relief, ECF No. 6. Kraken's Opposition fails for two reasons.

     First, Kraken conflates the purview of Civil Local Rule 7-11 and 6-3. Civil Local Rule 7-11 governs motions "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned judge." Civil L.R. 7-11. Although Civil Local Rule 6-3 applies to motions to "enlarge or shorten time," Petitioners' Motion for Administrative relief is requesting additional relief that renders the matter within the purview of Civil Local Rule 7-11—an expedited hearing on this Court's calendar on a day that this Court does not normally hear civil law motions. Because no federal statute, rule, local rule, or standing order contemplates such relief, Civil Local Rule 7-11 applies to govern this matter.[1]

     Second, Kraken mischaracterizes the underlying facts in which the Petitioners moved to compel to omit key context. First, Kraken omits to mention delays that occurred due to its own actions. After Petitioners made multiple offers to narrow the production, Kraken did not respond to Petitioners from August 14th to August 30th. Decl. of Matthew A. Lafferman ("Lafferman Decl.") ¶¶ 8–12, ECF No. 6-1. And once Kraken produced the data, Petitioners moved swiftly to review the data and meet and confer on outstanding issues. As Kraken recognizes, once Kraken identified the materials that it would produce on August 30th, it did not produce such materials until Friday, September 8th. *Id.* ¶¶ 13–14. The data then began to be uploaded the following Monday, September 11th and then provided to Petitioners' experts for their analysis. However, Kraken omits that the SEC produced its expert's reports on Thursday, September 7th. Ex. D to Lafferman Decl. (showing expert reports being due on September 7, 2023). Petitioners' experts then analyzed

---

[1] Even if Civil Local Rule 6-3 governs this Motion, "[c]ourts in this district routinely address motions brought pursuant to Civil Local Rule 7-11 on the merits even where such motions technically should have been brought pursuant to Civil Local Rule 6-3 or other applicable rule." *United States v. Shields*, No. 5:12-CR-00410, 2018 WL 4181960, at *3 (N.D. Cal. Aug. 30, 2018).

1  the data produced by Kraken in light of the theories put forth by the SEC's expert. Once this data was analyzed by Petitioners' expert, Petitioners requested a meet and confer with Kraken on September 18th, and Kraken responded the following day with available times. Lafferman Decl. ¶ 15; Ex. L to Lafferman Decl. Petitioners then participated in a call and a series of emails with Kraken to attempt to narrow the dispute as to the remaining data, in addition to seeking whether Kraken would consent to the expedited relief requested in this motion. Lafferman Decl. ¶¶ 16–19; Ex. M–O to Lafferman Decl.

Simply put, a review of facts indicates that Kraken, not Petitioners, were the source of any delay in bringing Petitioners' Motion to Compel. Petitioners should not be now penalized for Kraken's delay and its attempts to work cooperatively with Kraken to produce the data without resorting to the remedial action from the Court.

## CONCLUSION

For these reasons, Petitioners respectfully request that the Court grant Petitioners' Motion for Administrative Relief and set hearing on Petitioners' Motion to Compel or Transfer to October 10, 2023.

Dated: October 4, 2023

Respectfully submitted,

DENTONS US LLP

By: __/s/ Anne E. Waddell__
      Anne E. Waddell
Attorney for Petitioners TERRAFORM LABS, PTE LTD, and DO HYEONG KWON

DENTONS US LLP
4675 MACARTHUR COURT, SUITE 1250
NEWPORT BEACH, CALIFORNIA 92660
949 732 3700